UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mickel Simon,<br><br>          Plaintiff,<br> -v-<br><br>Monadnock Construction, Inc.,<br>Idris Abdullah,<br><br>          Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

 Plaintiff Mickel Simon ("Plaintiff" or "Simon"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Monadnock Construction, Inc. and Idris Abdullah (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable New York State minimum wage rate for each hour he worked for Defendants in a week; (iii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder including 12 NYCRR 142-2.4; and (iv) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act

1

("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, overtime wages, minimum wages, spread of hour wages, unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Mickel Simon ("Plaintiff" or "Simon") is an adult, over eighteen years old, who currently resides in Kings County, New York.

8. Upon information and belief and all times relevant herein, Monadnock Construction, Inc. ("MCI") was a New York for-profit corporation.

9. At all times relevant herein, Defendant Idris Abdullah ("Abdullah") was an individual who recruited Plaintiff to work for Defendant MCI at MCI's location at 515 Blake Avenue, Brooklyn, NY 11207 using MCI's equipment and under MCI's primary supervision,

control, rules and procedures, etc.

10. At all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants. *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132 (2d Cir. 2008).

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendants were involved in the building and construction business. See https://moncon.com/projects/515-blake/.

13. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed approximately over 100 employees.

14. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, from in or around April 2022 to on or about November 7, 2022.

15. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a manual worker to perform security and related work and he performed such work at the job site of Defendant MCI located at 515 Blake Avenue Brooklyn, NY 11207.

16. At all times relevant herein, Plaintiff worked about 96 or more hours each week for Defendants; 6 days a week during his employment with Defendants - with the exception of about 1-2 weeks.

17. At all times relevant herein, Plaintiff 's hourly rate of pay was about $9.375 an hour during his employment with Defendants - a rate lower than the applicable New York State Minimum wage rate.

3

18. At all times relevant herein, Plaintiff was paid at his straight regular hourly rate for all hours worked including his overtime hours worked each week (weekly hours over 40) during his employment with Defendants - with the exception of about 1-2 weeks.

19. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week - with the exception of about 1-2 weeks.

20. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week, for each week during his employment with Defendants - with the exception of about 1-2 weeks.

21. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day each day during his employment with Defendants but was not paid an additional hour of pay for each such day in violation of 12 NYCRR 142-2.4 - with the exception of about 1-2 weeks.

22. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

23. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

24. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL § 195(3). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

25. Upon information and belief, and at all times relevant herein, Defendants, individually

and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

26. Upon information and belief and at all times relevant herein, Defendants used and purchased materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

27. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendants conducted business outside the State of New York involving construction equipment, materials and services.

29. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

32. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems – Plaintiff also used cellular phone/communications as a regular and integral part of his job herein with Defendants.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29

CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

39. At all times relevant to this action, Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

40. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

41. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. §

207.

**Relief Demanded**

42. Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Overtime + Min Wage + SOH)**

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

45. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

43. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day during his employment with Defendant as set forth above, but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

**Relief Demanded**

46. Plaintiff is entitled to recover from Defendants, his unpaid minimum wages, overtime wages, spread of hour wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

47. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

49. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid overtime wages, wage deductions, and unlawful wage deductions described above, as required by NYLL §§ 191, 193 and 198.

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore

8

entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

51. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

52. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid minimum wages, overtime wages, spread of hour wages, unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

54. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

55. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

56. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including his unpaid minimum wages, overtime wages, spread of hour wages, unlawful wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

57. Award Plaintiff prejudgement interest on all monies due;

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **December 31, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF