# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~~

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Tel: 718-740-1000
Fax: 718-740-2000
Web: www.abdulhassan.com

**November 8, 2023**

**Via ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East,
Brooklyn, New York 11201
Tel: 718-613-2520

<u>**Re: Simon v. Monadnock Construction, Inc. et al**</u>
**Case No. 22-CV-07991 (DLI)(RML)**
**Motion for Settlement Approval**

Dear Magistrate-Judge Levy:

My firm represents plaintiff Mickel Simon ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action pursuant to the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – we expect Defendants to submit a fully-executed agreement shortly. Exhibit 2 are the cost receipts in this case.

The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid minimum wages, spread of hour wages, overtime wages under the FLSA and NYLL, as well as claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3).

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at the mediation conducted by an experienced FLSA mediator from this Court's mediation panel – Mr. Roger Briton, Esq., who made a settlement recommendation that was accepted by the parties.

Based on the allegations in the complaint, we have unpaid wages of about $29,400 ($15,120 in unpaid minimum wages, $11,760 in overtime wages and $2,520 in unpaid spread of hour wages). Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims.

At the outset, Defendant Monadnock Construction, Inc. strongly dispute that it employed/jointly employed Plaintiff and maintain that Plaintiff was employed solely by the other Defendants. Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. It is Defendants' position that Plaintiff was paid at the applicable minimum wages rate at all times and is not owed minimum wages. Defendants also dispute the period of employment and wages paid to Plaintiff. In general Defendants deny Plaintiff's allegations and claims.

The total settlement between Plaintiff and Defendants is $35,000. Under the settlement agreement, Plaintiff is due to receive $22,586 after costs (~~$1,076~~), and a 1/3 contingency fee ($11,308). (Ex. 1 ¶ 3(a-c)).   <span style="color:red">$1,076.27</span>   <span style="color:red">RML 12/12/23</span>

<span style="color:red">$1,076.27</span>   <span style="color:red">$367.67</span>

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of One Thousand and Seventy-Six Dollars (~~$1,076~~) in filing ($402), mediation (~~$367~~), and service <span style="color:red">$306.60</span>(~~$306~~), plus a 1/3 contingency fee of Eleven Thousand Three Hundred Eight Dollars ($11,308). (Ex. 1 ¶ 3(c)).[1] See *Venegas v. Mitchell*, <mark>495 U.S. 82, 89-90</mark> (1990). See also *Fisher v. SD Prot. Inc.,* <mark>948 F.3d 593</mark> (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions). See i.e. *Caceres v. Brentwood Farmers Market, Inc. et al,* Case No. 20-cv-03476, ECF No. 15, (Judge Tomlinson - EDNY May 4, 2021)("A Court is bound to observe the provisions of a retainer agreement as well as a settlement   <span style="color:red">RML 12/12/23</span>

---

[1] See *Venegas v. Mitchell*, <mark>495 U.S. 82, 89-90</mark> (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, <mark>2011 WL 5118438, 8</mark> (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

agreement. A "'settlement agreement is a contract that is interpreted according to general principles of contract law.'" Fisher v. SD Protection Inc., 948 F. 3d 593, 605-06 (2d Cir. 2020)")

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Mohammed v. All American School Bus Corp.,* Case N. 21-CV-06816 (Judge Levy)(approving a 1/3 fee of about $12,230 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(approving a 1/3 fee of $12,978 under *Cheeks*); *Drammeh v. TGS Washes, LLC et al*, Case No. 18-CV-05879 (Magistrate-Judge Levy - EDNY May 29, 2019)(approving a 1/3 fee of $8,714 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant in light of the factual and legal issues. Second, Defendants dispute liability and a jury can award Plaintiff less than he is receiving here or nothing. Third, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and which was vigorously litigated by counsel on behalf of their respective clients and mediated by a mediator from this Court's mediation panel.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC


 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Mickel Simon (the "Plaintiff") on the one hand, and Monadnock Construction, Inc. ("Monadnock"), Idris Abdullah ("Abdullah"), and Blackrock General Contracting & Security Inc. ("Blackrock) (collectively, the "Defendants"), on the other hand.

**WHEREAS**, Plaintiff commenced an action against Monadnock and Abdullah in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 1:22-cv-07991 (DLI)(RML) (the "Action") by filing a Complaint on December 31, 2022 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Abdullah and Blackrock timely filed an Answer to the Complaint on March 21, 2023 denying the allegations made by Plaintiff;

**WHEREAS,** Monadnock timely filed an Answer with Cross-Claims and a Third-Party Complaint on March 29, 2023, denying the allegations made by Plaintiff, asserting cross-claims against Abdullah for common law indemnification and common law contribution, and asserting a Third-Party Complaint against Blackrock for breach of contract, contractual indemnification, common law indemnification, and common law contribution;

**WHEREAS**, on July 25, 2023, Plaintiff and Defendants (collectively, the "Parties") engaged in a Court-Ordered mediation with mediator Roger Briton, Esq., during which counsel for the Parties negotiated extensively in good faith;

**WHEREAS,** on July 25, 2023, Mediator Roger Briton, Esq. conveyed a mediator's proposal, which the Parties subsequently accepted;

**WHEREAS**, despite the existence of a genuine dispute between the Parties, the Parties have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by

1

(Cont.)

fully and finally resolving and settling in full all wage and hour claims that Plaintiff had, has, or may have against Defendants, including but not limited to, all claims and issues that were or could have been raised in the Complaint;

**WHEREAS**, the Parties desire to resolve all disputes in the Action without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiff by Defendants of the gross sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) (the "Settlement Amount"), Mickel Simon hereby releases and forever discharges Monadnock Construction, Inc. as well as each of Monadnock's current and former owners, members, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insureds, insurers and insurance carriers, and agents, and each of Monadnock's predecessors, successors, parent companies, holding companies, and subsidiaries, including, but not limited to, BNY Aurora Holding Corp., ISAOA, Dormitory Authority of the State of New York, First Sterling Associates No. 8 LLC, ISAOA, H.E.L.P. Development Corp., H.E.L.P. USA, Inc., Help Hinsdale B Housing Development Fund Corporation, HELP Hinsdale B LLC, HELP Sutter A Housing Development Fund Corporation, HELP Sutter A LLC, New York City Housing Development Corporation ISAOA ATIMA, New York State Office of Temporary and Disability Assistance and The New York State Homeless Housing, RAH Investor 307 LLC ISAOA, RAH Investor 308 LLC ISAOA, Regions Affordable Housing LLC, ISAOA, Regions Bank, ISAOA, Sterling Corporate Services LLC, ISAOA, Sterling Corporate Tax

Credit Fund XLVIII LLC, ISAOA, The Bank of New York Mellon, their successors and/or assigns, ATIMA, The City of New York together with its officials and employees, ISAOA ATIMA c/o New York City, and The Community Preservation Corporation ISAOA ATIMA, as well as Blackrock and each of Blackrock's current and former owners, members, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, agents, and each of Blackrock's predecessors, successors, parent companies, holding companies, subsidiaries, as well as Abdullah and his heirs, executors, administrators, agents, successors and assigns, as well as anyone employed by any of the Defendants , and anyone deemed by Plaintiff to be an "employer" during his employment with any of the Defendants  (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Mickel Simon and each of Mickel Simon's current or former spouses, children, heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for all claims arising under the Fair Labor Standards Act, New York Labor Law, and/or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages (including but not limited to timely payment provisions), attorneys' fees and statutory penalties (including, but not limited to, all damages or penalties due to improper wage notices, and/or improper

3

(Cont.)

wage statements). This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action.

2.    The Parties agree to execute a "Stipulation of Dismissal" in the form annexed hereto as **Exhibit A,** which will be held in escrow by Defendants' counsel and filed with the Court once it has been at least one (1) week after the settlement checks identified in Paragraph 3 of this Agreement have been delivered to Plaintiff's counsel (the "Stipulation"). The Stipulation shall seek a dismissal of all claims made by Plaintiff in the Action with prejudice, and all claims made by Monadnock in the Action without prejudice.

3.    Within thirty (30) days after the following conditions are met: (a) the Court approves the settlement in this Action; (b) Defendants' counsel receive a completed IRS Form W-4 for Plaintiff; (c) Defendants' counsel receive a completed IRS Form W-9 for Plaintiff; (d) Defendants' counsel receive a completed IRS Form W-9 for Plaintiff's counsel; and (e) Defendants' counsel receive a "Stipulation of Dismissal with Prejudice," signed by Plaintiff's counsel, Defendants shall pay the Settlement Amount as follows:

(a)    Abdullah and Blackrock shall pay Fifteen Thousand Dollars ($15,000) of the Settlement Amount by issuing:

i.    One (1) check payable to "Mickel Simon" in the gross amount of Eleven Thousand Three Hundred Eight Dollars and Zero Cents ($11,308.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages; and

ii.    One (1) check payable to "Mickel Simon" in the total amount of Three Thousand Six Hundred Ninety-Two Dollars and Zero Cents ($3,662.00) ~~$3,692.00~~ RML 12/12/23 representing payment for Plaintiff's alleged liquidated damages and penalties; and

4

(Cont.)

(b)    Monadnock shall pay Twenty Thousand Dollars ($20,000) of the Settlement Amount by issuing:

    i.    One (1) check payable to "Mickel Simon" in the total amount of Seven Thousand Six Hundred Sixteen Dollars and Zero Cents ($7,616.00) representing payment for Plaintiff's alleged liquidated damages and penalties; and

    ii.   One (1) check payable to "Abdul Hassan Law Group PLLC" in the total amount of Twelve Thousand Three Hundred Eighty-Four Dollars and Zero Cents ($12,384.00), representing payment of Plaintiff's costs and Plaintiff's attorney's fees.

4.    If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants Monadnock Construction, Inc., Idris Abdullah,** and Blackrock written notice of said default, by sending a notice of default by email to Defendants' attorneys **Mr. Keith Gutstein, Esq. at. kgutstein@kdvlaw.com, Mr. Solomon Abramov, Esq. at sabramov@kdvlaw.com, and Mr. Muhammad Ikhlas, Esq. at mikhlas@dnislaw.com.** Defendants will have ten (10) days from receipt of such notice to cure the default.

5.    Abdullah and Blackrock may issue an IRS tax Form W-2 to Plaintiff for the portion of the Settlement Amount that represents alleged unpaid wages and Monadnock may issue an IRS tax Form 1099 to Plaintiff and Abdul Hassan Law Group PLLC for their respective portions of the remainder of the Settlement Amount.  Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority as a result of the payment of the Settlement Amount that Plaintiff would otherwise be responsible for.

6.    Plaintiff promises and represents that he shall withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair

(Cont.)

Labor Standards Act, New York Labor Law, and/or any other law, regulation, and/or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and/or local agencies/administrative body and/or any judicial forum against any of the Releasees. Plaintiff further agrees that he shall not file any administrative and/or judicial complaints, charges, lawsuits, claims, demands and/or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands and/or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate and/or cooperate in any investigation and/or other proceeding connected with and/or resulting from any such complaints, charges, lawsuits, claims, demands and/or actions, and that Plaintiff will execute such papers and/or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand and/or action dismissed with prejudice.

7. The Parties agree that Monadnock will withdraw its' claims against Abdullah and Blackrock in the Action without prejudice, including Monadnock's Cross-Claims against Abdullah and Monadnock's Third-Party Complaint against Blackrock.

8. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

9. Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever,

(Cont.)

including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

     10.    The Parties agree that, in an action arising from any alleged breach of this Agreement, the prevailing party as determined by a Court of competent jurisdiction shall be entitled to any and all remedies available under the law.

     11.    The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

     12.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

     13.    Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims.  Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

     14.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

     15.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

(Cont.)

16.     The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

17.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

18.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

19.     This Agreement may be executed via DocuSign and in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Defendant Monadnock Construction, Inc., Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; Counsel for Defendant Idris Abdullah, Mr. Muhammad Ikhlas, Esq., Davis Ndanusa Ikhlas & Saleem LLP 26 Court Street, Suite 603 Brooklyn, NY 11242 Tel: 646-205-3218 Email: mikhlas@dnislaw.com and counsel for Plaintiff, Abdul Hassan, Esq., Abdul Hassan Law Group PLLC, 215-28 Hillside Avenue, Queens Village, New York 11427, (718) 740-1000, facsimile (718) 740-2000, abdul@abdulhassan.com.

(Cont.)

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement and Release

Agreement freely and voluntarily.

_____   Mickel Simon          Date:  10 / 27 / 2023
Mickel Simon


_____                          Date:_____
Monadnock Construction, Inc.
By:
Title:

_Idris Abdullah_                                  Date:  11/8/2023
Idris Abdullah

_Idris Abdullah_                                  Date:  11/8/2023
Blackrock General Contracting and Security Inc.
By:
Title:

(Cont.)

**IN WITNESS WHEREOF,** the Parties have duly executed this Settlement and Release

Agreement freely and voluntarily.

_M. S_        Mickel Simon       Date: **10 / 27 / 2023**
Mickel Simon

_Denise A Palmeri_
Monadnock Construction, Inc.        Date: _11/8/23_
By: _Denise A Palmeri_
Title: _General Counsel_

_____        Date:_____

Idris Abdullah

_____        Date:_____

Blackrock General Contracting and Security Inc.
By:
Title:

9

(Cont

# EXHIBIT A

10

(Cont.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICKEL SIMON,

                              Plaintiff,

       -against-

MONADNOCK CONSTRUCTION, INC.,
IDRIS ABDULLAH,

                              Defendants.

Case No.: 1:22-cv-07991(DLI)

**STIPULATION OF
DISMISSAL**

MONADNOCK CONSTRUCTION, INC.,

                     Third-Party Plaintiff,

       -against-

BLACKROCK GENERAL CONTRACTING
& SECURITY INC.,

                     Third-Party Defendant.

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged in Plaintiff's Complaint be dismissed with prejudice, with each party to bear their own fees and costs. Plaintiff is precluded from bringing any further claims against the Defendants under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in Plaintiff's Complaint; and

(Cont.)

**IT IS HEREBY FURTHER STIPULATED AND AGREED**, that Monadnock's Cross-Claims against Idris Abdullah and Third Party Complaint against Blackrock General Contracting & Security Inc. be dismissed without prejudice; and

**IT IS HEREBY FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF and/or facsimile signatures treated as originals.

Dated: October 27,          , 2023                Dated: November 8,          , 2023

ABDUL HASSAN LAW GROUP, PLLC
*Attorney for Plaintiff, Mickel Simon*

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendant, Monadnock Construction, Inc.*

By: _Abdul Hassan_

Abdul Hassan, Esq.
215-28 Hillside Avenue
Queens Village, New York 11427
(718) 740-1000
abdul@abdulhassan.com

By: _____

Keith Gutstein, Esq.
Solomon Abramov, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com
sabramov@kdvlaw.com

Dated: _____ November  8 , 2023

DAVIS NDANUSA IKHLAS & SALEEM LLP
*Attorneys for Defendant, Idris Abdullah, and Third-Party Defendant, Blackrock General Contracting & Security Inc.*

By: _____

Muhammad Ikhlas, Esq.
26 Court Street, Suite 603
Brooklyn, NY 11242
(646) 205-3218
mikhlas@dnislaw.com

**SO ORDERED:**

_____

12

(Cont.)

## Pay.gov Payment Confirmation: NEW YORK EASTERN DISTRICT COURT

**do_not_reply@psc.uscourts.gov** <do_not_reply@psc.uscourts.gov>                    Sat, Dec 31, 2022 at 7:50 PM
Reply-To: Frank_Daley@nyed.uscourts.gov
To: legal@abdulhassan.com

   Your payment has been successfully processed and the details are below. If you have any questions or you wish to
   cancel this payment, please contact: Financial Department at (718)613-2580.

   Account Number: 2504053
   Court: NEW YORK EASTERN DISTRICT COURT
   Amount: $402.00
   Tracking Id: ANYEDC-16268720
   Approval Code: 799586
   Card Number: ************2595
   Date/Time: 12/31/2022 07:49:58 ET


   NOTE: This is an automated message. Please do not reply



(518) 463-4179
(800) 828-4428 NYS ONLY
(518) 463-3752 Fax
www.servico.com
14-1638171 Tax I.D. No.

# SERVICO ®

SINCE 1924

P.O. Box 871, Albany, New York 12201

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/5/2023 | S1886882 |

PAID
01/05/2023

| Bill To | Ship To |
|---------|---------|
| Abdul Karim Hassan, Esq. Attorney at Cou<br>Abdul K. Hassan<br>215-28 Hillside Avenue<br>Queens Village, NY 11427 | Abdul Karim Hassan, Esq. Attorney and Cou<br>Abdul K. Hassan<br>215-28 Hillside Avenue<br>Queens Village, NY 11427 |

| Your File # | Biller | Account # | Customer Phone |
|-------------|--------|-----------|----------------|
|             | AB     | 401000    | 718-740-1000   |

| Description | Amount |
|-------------|--------|
| Mickel Simon | |
| VS | |
| Monadnock Construction Inc. | |
| SERVICE ON: Monadnock Construction, Inc. | |
| SERVICE OF PROCESS - SECRETARY OF STATE | 25.00 |
| ADMINISTRATIVE CHARGE | 5.00 |
| DISBURSEMENT TO DEPARTMENT OF STATE | 40.00 |
| Copy Fee | 5.00 |
| Credit Card Ran | 0.00 |
| SALES TAX NYC 5 BOROUGHS | 0.00 |

**- THANK YOU - PAY THIS INVOICE UPON RECEIPT -**

| | |
|---|---|
| **Total** | **$75.00** |
| **Payments/Credits** | **-$75.00** |
| **Balance Due** | **$0.00** |

RETURN COPY OF INVOICE WITH PAYMENT - WRITE INVOICE NUMBER ON ALL PAYMENTS

NOTE: We guarantee our information to be as accurate as REASONABLE CARE can make it. However, the ultimate responsibility for maintaining files rests with the filing officer and/or government agency and we will accept NO LIABILITY beyond the exercise of REASONABLE CARE.

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

UNITED STATES DISTRICT COURT
STATE OF NEW YORK, EASTERN DISTRICT OF NEW YORK

Purchased/Filed: January 3, 2022

Index #   1:22-cv-07991-DLI-RML

*Mickel Simon*                                          Plaintiff

against

*Monadnock Construction Inc.*                    Defendant

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

___James Perone___, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on ___January 5, 2023___, at ___11:00 AM___, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action and Complaint with Jury Trial Demanded

on

___Monadnock Construction, Inc.___, the

Defendant in this action, by delivering to and leaving with ___Nancy Dougherty___, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, _2_ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee _40_ dollars; That said service was made pursuant to Section _306 Business Corporation Law_. Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: _55-60_   Approx. Wt: _130lbs_   Approx. Ht: _5'3"_
Color of skin: _White_   Hair color: _Black_   Sex: _Female_   Other: _____

Sworn to before me on this

_5th_ day of January 2023

SCOTT SCHUSTER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SC6308636
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 28, 2026

James Perone
**Attny's File No.**
Invoice•Work Order # S1886882

*SERVICO, INC.. P.O. BOX 871. ALBANY. NY 12201*

Irving Botwinick, Founder
New York State Professional Process Servers
Association
_____

Founding Member National Association
of Professional Process Servers
_____

Associate Member of the following
State Process Servers Association:
Arizona, California, Colorado, Florida, Georgia,
New Jersey, Oregon, Tennessee, Washington

Society of Professional Investigators
Chairman of the Board
_____

Associated Licensed Detectives of
New York State, Inc.
National Council of Investigation
and Security Services
Society of Professional Investigators
World Investigators Network Inc.

**SERVING** by **IRVING INC.** ®

*"Serving the Legal Community Since 1977."*
**March 1, 2023**

**ATTN: ABDUL K. HASSAN, ESQ.**

**ABDUL HASSAN LAW GROUP, PLLC**
**215-28 HILLSIDE AVENUE**
**QUEENS VILLAGE, NY 11427**

**INVOICE # YL-3934**

| PLAINTIFF | DEFENDANT | SERVICE | CHARGE |
|-----------|-----------|---------|--------|
| Mickel Simon | Monadnock Construction, Inc., Idris Abullah | Sum. & Compl. On Idris Abullah | $225.00 |
| | | +Printing Fees | $  6.60 |
| | | FINAL BILL: | $231.60 |
| | | | ALL PAID |





Dear Abdul,

Just confirming that your payment to Roger has finished processing.

**Payment Details**

| | |
|---|---|
| Confirmation Number | 2357792323 |
| Amount | $367.67 |
| From | TD Bank, TD PREMIER CHECKING, ******6312 |
| To | Roger Briton (516-503-9119) |
| Message | EDNY Mediation Fee: Simon v. Monadnock et al (22-cv-7991) |

As of July 28, 2023, the money for this payment was removed from your account and credited to Roger. You can sign in to Send Money with Zelle® to view your activity.

Thank you for using Send Money with Zelle® offered by TD Bank.

Sincerely,
TD Bank

This email was sent to abdul@abdulhassan.com. If you believe you have received this email in error, forward it to us at Alerts@tdbank.com.

To receive a copy of our privacy policy, email us at Alerts@tdbank.com.

You received this service-related email because you sent money through Send Money with Zelle®.

Email ID: ZEL203